FILED
 2011 Nov-22  AM 09:20
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **KELLIE MARKS MIDDLETON,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Case No. CV-10-S-2918-E |
| ) | |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** ) ) ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Kellie Marks Middleton, commenced this action on October 28, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated the medical evidence from both treating and examining physicians, and that he improperly evaluated claimant's credibility. Upon review of the record, the court concludes that claimant's first contention has merit, and that the case should be remanded to the Commissioner for further consideration of the assessment of claimant's treating psychiatrist.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating

2

physician), the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Castro, claimant's treating psychiatrist, completed a Medical Source Statement (Mental) form on March 4, 2008.  He indicated that claimant experienced no impairment in her ability to ask simple questions or request assistance; her personal habits; her ability to understand, remember, and carry out both simple and complex instructions and repetitive tasks; her ability to make simple work-related decisions; her ability to respond appropriately to supervision; and her ability to be aware of normal hazards and take appropriate precautions.  She suffered only mild constriction of interests, but she suffered moderate restriction of her daily activities and moderate impairment of her ability to interact appropriately with the general public, her ability to get along with coworkers or peers, her ability to sustain a routine without special supervision, and her ability to respond appropriately to changes in the

work setting. She suffered marked impairment of her ability to maintain attention and concentration for extended periods; her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and her ability to respond to customary work pressures. Dr. Castro also indicated that claimant's limitations had lasted or could be expected to last for at least twelve months.[1]

The ALJ inexplicably failed to address Dr. Castro's March 4, 2008 assessment in his administrative opinion. As such, the ALJ did not follow applicable legal standards when making his decision, and his decision was not supported by substantial evidence. Further, the ALJ's failure to properly consider Dr. Castro's opinion was not harmless error, as the Commissioner suggests. Dr. Castro's assessments of marked impairments in claimant's abilities to pay attention, concentrate, stick to a schedule, maintain regular attendance, be punctual, complete a normal workday and workweek, perform at a consistent pace, and respond appropriately to customary work pressures would be inconsistent with the ability to perform work activity on a consistent forty-hour-per-week basis. Additionally, while Dr. Castro's records do reflect that claimant sometimes experienced periods of

---

[1] Tr. 264-66.

improvement in the severity of her mental health condition, the records as a whole paint a long-term picture of significant mental impairments. It is first the responsibility of the ALJ, not this court, to determine the extent of those impairments and their effect on claimant's ability to work. Remand is warranted for the ALJ to make those determinations, and to collect any other evidence relevant to claimant's entitlement to benefits.

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 22nd day of November, 2011.

_____
United States District Judge